# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

No. 10-40095
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TEODORO GARZA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-504-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Teodoro Garza, Jr., appeals the 262-month sentence imposed following his guilty plea conviction for possession with intent to distribute cocaine, asserting that application of U.S.S.G. § 4B1.1, based on his two prior, less-serious drug offenses, produced a substantively unreasonable sentence that is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He further asserts that § 4B1.1 is not empirically based and thus not entitled to deference or a presumption of reasonableness on appellate review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Garza failed to object in the district court to the substantive reasonableness of the sentence imposed, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To prevail, Garza must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes the required showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See id.* (internal quotation marks and citation omitted).

Even if the career offender guideline lacks an empirical basis, a presumption of reasonableness still applies to Garza's sentence on appellate review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.) (rejecting notion that this court should examine the empirical basis behind each Guideline before applying the presumption of reasonableness), *cert. denied*, 130 S. Ct. 378 (2009). Garza has failed to rebut this presumption. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). His "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The district court considered Garza's arguments for a below-guidelines sentence. In rejecting the arguments, the court expressed its awareness that the Guidelines produced a range that was only advisory, considered the circumstances of Garza's prior controlled substance offenses, but noted Garza's extensive history in drug trafficking and the amount of drugs involved in the instant offense. With explicit reference to the § 3553(a) sentencing factors, the court determined that a sentence within the advisory sentencing guidelines range was indicated.

Garza has shown no clear or obvious error. *See Puckett*, 129 S. Ct. at 1429. "The fact that the appellate court might reasonably have concluded that a

different sentence was appropriate is insufficient to justify reversal of the district court." *See Gall v. United States*, 552 U.S. 38, 51 (2007). The judgment of the district court is AFFIRMED.